DAVID CHIU, State Bar #189542
City Attorney
ROBB W. KAPLA, State Bar #238896
KATHY J. SHIN, State Bar #318185
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4700
Facsimile:     (415) 554-4757
E-Mail:        robb.kapla@sfcityatty.org
               kathy.shin@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CANDLESTICK HEIGHTS COMMUNITY ALLIANCE, an unincorporated association,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation,<br><br>Defendant. | Case No. 3:23-cv-00082-SK<br><br>**ANSWER TO COMPLAINT**<br><br>Trial Date:     None set |
|---|---|

ANSWER TO COMPLAINT
CASE NO. 3:23-cv-00082-SK

1

n:\land\li2023\230523\01667748.docx

Defendant City and County of San Francisco (the "City") hereby responds to the Complaint filed by Plaintiff Candlestick Heights Community Alliance, ECF No. 1, as follows.

In general, the City objects to Plaintiff's pervasive violation of Fed. R. Civ. P. 10(b)'s prohibition against lengthy narrative allegations within a single numbered paragraph. Due to Plaintiff's violation of Rule 10(b), the City denies all allegations not specifically addressed herein.

**INTRODUCTION**[1]

1.  Responding to the allegations contained in Paragraph 1, the City admits that it provides for the operation of a Vehicle Triage Center ("VTC"), a temporary shelter and source of services for unhoused persons living in their vehicles, at a site located in the Candlestick Point State Recreation Area ("CPSRA"). Based on information and belief, the City admits that the CPSRA is a state park in the Bayview Hunters Point neighborhood in San Francisco, California. The remaining allegations in Paragraph 1 contain legal conclusions to which no response is required. To the extent any further response is required, except as specifically admitted, the City denies the allegations.

2.  Responding to the allegations contained in Paragraph 2, the paragraph quotes from facts recited in Resolution No. 479-21 of the San Francisco Board of Supervisors. That resolution speaks for itself. To the extent a further response is required, the City denies the allegations.

3.  Responding to the allegations contained in Paragraph 3, the City denies the allegations.

4.  Responding to the allegations contained in Paragraph 4, the City denies the allegations in the first sentence and lacks sufficient information or knowledge to admit or deny the second sentence and denies it on this basis. As to the third sentence, the City admits that the San Francisco Health Code speaks for itself and Plaintiff's assertions about the Code are arguments of counsel and legal conclusions that require no further response. To the extent any further response is required, except as specifically admitted, the City denies the allegations.

5.  Responding to the allegations contained in Paragraph 5, the quoted sources speak for themselves and the allegations constitute the legal theories, characterization of facts, and arguments of

---

[1] For the convenience of the Court and the parties, the City repeats certain headings used in the Complaint. In so doing, the City neither admits nor denies any allegations that may be suggested by these headings.

counsel, which require no further response. To the extent any further response is required, except as specifically admitted, the City denies the allegations.

6. Responding to the allegations contained in Paragraph 6, the City denies the allegations.

## JURISDICTION

7. Responding to the allegations contained in Paragraph 7, the City admits that the Clean Air Act speaks for itself, and the allegations in Paragraph 7 constitute Plaintiff's claims and legal conclusions to which the City is not required to respond. To the extent any further response is required, except as specifically admitted, the City denies the allegations.

8. Responding to the allegations contained in Paragraph 8, the City admits that it received a copy of the notice attached as Exhibit A to the Complaint. The remaining allegations in Paragraph 8 constitute legal conclusions that require no further response. To the extent any further response is required, except as specifically admitted, the City denies the allegations.

## VENUE

9. Responding to the allegations contained in Paragraph 9, the City admits that it resides in the Northern District of California of the United States District Court. The remaining allegations in Paragraph 9 constitute Plaintiff's characterization of facts and legal conclusions that require no further response. To the extent any further response is required, except as specifically admitted, the City denies the allegations.

## INTRADISTRICT ASSIGNMENT

10. Responding to the allegations contained in Paragraph 10, the City admits that this is a civil action with allegations arising in San Francisco County. The remaining allegations in Paragraph 10 constitute legal conclusions that require no further response. To the extent any further response is required, except as specifically admitted, the City denies the allegations.

## PARTIES

11. Responding to the allegations contained in Paragraph 11, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations and denies them on that basis.

12. Responding to the allegations contained in Paragraph 12, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence and denies the allegations on that basis. The balance of the allegations in Paragraph 12 constitute legal conclusions that require no further response. To the extent any further response is required, except as specifically admitted, the City denies the allegations.

13. Responding to the allegations contained in Paragraph 13, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, which are also legal conclusions that require no further response. To the extent any further response is required, the City denies the allegations.

14. Responding to the allegations contained in Paragraph 14, these allegations constitute legal conclusions that require no further response. To the extent any further response is required, the City denies the allegations.

15. Responding to the allegations contained in Paragraph 15, the City admits that it is a municipal corporation and that it provides for the operation of the VTC. Except as specifically admitted, the City denies the allegations.

16. Responding to the allegations contained in Paragraph 16, these allegations constitute legal conclusions that require no further response. To the extent any further response is required, the City denies the allegations.

## GENERAL ALLEGATIONS

17. Responding to the allegations contained in Paragraph 17, the City admits that it provides for the operation of the VTC, located on an approximately 312,000 square foot parking lot in the CPSRA at or near 500 Hunters Point Expressway (the "Site"). The City admits that the VTC was intended to serve up to 150 vehicles, including recreational vehicles, and that in or around April 2021, the City engaged the California Department of Parks and Recreation ("State Parks") about subleasing the Site. The third sentence in Paragraph 17 quotes from factual recitals in San Francisco Board of Supervisors Resolution No. 479-21, and the City admits that the Board found that the City identified the Site as "optimal . . . to resolve the vehicle encampment in the vicinity of the CPSRA," the Site had "existing infrastructure, including water, sewer, pavement, and electrical poles for lights," and "[i]n

order for the Vehicle Triage Center to be a good neighbor to the Candlestick Point community," various City departments would "work together to deliver high-quality, comprehensive offsite public services to the community and in the vicinity of the CPSRA, as set forth in the Interdepartmental Agreement ("Agreement"), a copy of which is on file with the Clerk of the Board of Supervisors in File No. 210966."  The remaining allegations in Paragraph 17 consist of Plaintiff's characterization of facts that are in the public record, including in Board of Supervisors File No. 210966, which speak for themselves and require no further response.  To the extent any further response is required, except as expressly admitted, the City denies the allegations.

18.     Responding to the allegations contained in Paragraph 18, the City admits that in January 2022, the City and the State of California, acting by and through State Parks, executed a sublease agreement for a term of two years, commencing on January 11, 2022 and terminating on January 12, 2024.  Except as specifically admitted, the City denies the allegations.

19.     Responding to the allegations contained in Paragraph 19, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations pertaining to Plaintiff's beliefs and concerns, and actions taken in response to those beliefs and concerns, and denies the allegations on this basis.

20.     Responding to the allegations contained in Paragraph 20, the allegation is vague and misleading as to Plaintiff's claim that "the City installed and began to operate sixteen diesel-powered generators."  Interpreting the allegation as referring to the past use of 16 portable lights powered by 5.1 horsepower EPA Tier 4 Final diesel engines at the VTC, the City admits that such portable lights were used at the Site.  Information about operations of the VTC is otherwise in the public record, and that record speaks for itself.  To the extent any further response is required, the City denies the allegations.

21.     Responding to the allegations contained in Paragraph 21, the City denies that on July 22, 2022, it applied for a permit from the Bay Area Air Quality Management District ("Air District" or "BAAQMD") to operate three generators at the Site.  The remaining allegations constitute Plaintiff's characterization of, and legal arguments concerning, facts in the public record that speak for themselves.  To the extent any further response is required, the City denies the allegations.

22. Responding to the allegations contained in Paragraph 22, the City lacks sufficient information or knowledge to form a belief as to the truth of what information, if any, Plaintiff may have "learned from an Air District inspector," and denies the allegations on that basis.

23. Responding to the allegations contained in Paragraph 23, the City admits that on October 7, 2022, approximately 49 guest vehicles were sheltered at the VTC and that the VTC does not currently have PG&E service. The City lacks sufficient information or knowledge at this time to admit or deny the truth of the allegations in the balance of the paragraph and denies them on this basis. To the extent any further response is required, the City denies the allegations.

24. Responding to the allegations contained in Paragraph 24, the City lacks sufficient information or knowledge to form a belief as to the truth of the Plaintiff's allegations respecting exposure to "diesel pollution" and denies the allegations on that basis.

25. Responding to the allegations contained in Paragraph 25, the quoted sources speak for themselves, and the allegations constitute Plaintiff's characterization of, and legal arguments concerning, information in the public record. The City also lacks sufficient information or knowledge to form a belief as to the truth of the Plaintiff's allegations respecting "pollution burdens" and denies the allegations on that basis.

26. Responding to the allegations contained in Paragraph 26, the City's General Plan and the other sources of information quoted in the paragraph speak for themselves, and the allegations constitute Plaintiff's characterization of, and legal arguments concerning, information in the public record. The City also lacks sufficient information or knowledge to form a belief as to the truth of Plaintiff's allegations in the fourth (and final) sentence of the paragraph and denies the allegations on this basis. To the extent any further response is required, the City denies the allegations.

27. Responding to the allegations contained in Paragraph 27, the census data speaks for itself, and the City lacks sufficient information or knowledge to admit or deny Plaintiff's allegations respecting members of the Alliance and denies the allegations on that basis. Except as expressly admitted, the City denies the allegations.

28. Responding to the allegations contained in Paragraph 28, the City admits that the San Francisco Health Code speaks for itself. The City also lacks sufficient information or knowledge to

form a belief as to the truth of the Plaintiff's remaining allegations about diesel pollution and specific air pollutants and except as specifically admitted, the City denies the allegations.

29. Responding to the allegations contained in Paragraph 29, the City denies the allegations.

## STATUTORY BACKGROUND

30. Responding to the allegations contained in Paragraph 30, these allegations constitute Plaintiff's legal conclusions concerning the Clean Air Act, which speaks for itself. To the extent any further response is required, the City denies the allegations.

31. Responding to the allegations contained in Paragraph 31, these allegations constitute Plaintiff's legal conclusions concerning the Clean Air Act, which speaks for itself. To the extent any further response is required, the City denies the allegations.

32. Responding to the allegations contained in Paragraph 32, these allegations constitute Plaintiff's legal conclusions concerning the Clean Air Act, which speaks for itself. To the extent any further response is required, the City denies the allegations.

33. Responding to the allegations contained in Paragraph 33, these allegations constitute Plaintiff's legal conclusions concerning the Clean Air Act, which speaks for itself. To the extent any further response is required, the City denies the allegations.

34. Responding to the allegations contained in Paragraph 34, these allegations constitute Plaintiff's legal conclusions concerning the Clean Air Act, which speaks for itself. To the extent any further response is required, the City denies the allegations.

35. Responding to the allegations contained in Paragraph 35, these allegations constitute Plaintiff's legal conclusions concerning the Clean Air Act and the BAAQMD portion of the California State Implementation Plan, which speak for themselves. To the extent any further response is required, the City denies the allegations.

36. Responding to the allegations contained in Paragraph 36, these allegations constitute Plaintiff's legal conclusions concerning BAAQMD Rule 2-1, which speaks for itself. To the extent any further response is required, the City denies the allegations.

37. Responding to the allegations contained in Paragraph 37, these allegations constitute Plaintiff's legal conclusions concerning BAAQMD Rule 2-1, which speaks for itself. To the extent any further response is required, the City denies the allegations.

38. Responding to the allegations contained in Paragraph 38, these allegations constitute Plaintiff's legal conclusions concerning BAAQMD Rule 2-1, which speaks for itself. To the extent any further response is required, the City denies the allegations.

39. Responding to the allegations contained in Paragraph 39, these allegations constitute Plaintiff's legal conclusions concerning BAAQMD Rule 2-1, which speaks for itself. To the extent any further response is required, the City denies the allegations.

40. Responding to the allegations contained in Paragraph 40, the City denies the allegations.

41. Responding to the allegations contained in Paragraph 41, these allegations constitute Plaintiff's legal conclusions concerning BAAQMD Rule 2-1, which speaks for itself. To the extent any further response is required, the City denies the allegations.

## FIRST CAUSE OF ACTION

42. Responding to the allegations contained in Paragraph 42, the City refers to and incorporates each of its responses to Paragraph 1 through 41 above, as though fully set forth herein.

43. Responding to the allegations contained in Paragraph 43, the City admits that each of the 16 portable lights used at the VTC was under 50 brake horsepower. Except as expressly admitted, the City denies the remaining allegations in the first sentence of Paragraph 43. The City lacks sufficient information or knowledge to form a belief as to the truth of Plaintiff's reference to "prime power generation" in the second sentence of Paragraph 43 and denies the allegations in this sentence on that basis.

44. Responding to the allegations contained in Paragraph 44, the City denies the allegations.

45. Responding to the allegations contained in Paragraph 45, the City lacks sufficient information or knowledge as to the truth of the additive nature of horsepower alleged in the first

sentence and denies the allegation on that basis. The City denies all remaining allegations in Paragraph 45.

46. Responding to the allegations contained in Paragraph 46, the City denies the allegations.

47. Responding to the allegations contained in Paragraph 47, the City denies the allegations.

48. Responding to the allegations contained in Paragraph 48, the City denies the allegations.

## SECOND CAUSE OF ACTION

49. Responding to the allegations contained in Paragraph 49, the City refers to and incorporates each of its responses to Paragraph 1 through 48 above, as though fully set forth herein.

50. Responding to the allegations contained in Paragraph 50, the City denies the allegations.

51. Responding to the allegations contained in Paragraph 51, the City denies the allegations.

52. Responding to the allegations contained in Paragraph 52, the City denies the allegations.

## THIRD CAUSE OF ACTION

53. Responding to the allegations contained in Paragraph 53, the City refers to and incorporates each of its responses to Paragraph 1 through 52 above, as though fully set forth herein.

54. Responding to the allegations contained in Paragraph 54, these allegations constitute Plaintiff's legal conclusions concerning BAAQMD Rule 2-1, which speaks for itself. To the extent any further response is required, the City denies the allegations.

55. Responding to the allegations contained in Paragraph 55, the City denies the allegations.

56. Responding to the allegations contained in Paragraph 56, the City denies the allegations.

57. Responding to the allegations contained in Paragraph 57, the City denies the allegations.

58. Responding to the allegations contained in Paragraph 58, the City denies the allegations.

## FOURTH CAUSE OF ACTION

59. Responding to the allegations contained in Paragraph 59, the City refers to and incorporates each of its responses to Paragraph 1 through 58 above, as though fully set forth herein.

60. Responding to the allegations contained in Paragraph 60, these allegations constitute Plaintiff's legal conclusions concerning BAAQMD Regulation 1, which speaks for itself. To the extent any further response is required, the City denies the allegations.

61. Responding to the allegations contained in Paragraph 61, the City denies the allegations.

62. Responding to the allegations contained in Paragraph 62, the City denies the allegations.

63. Responding to the allegations contained in Paragraph 63, the City denies the allegations.

64. Responding to the allegations contained in Paragraph 64, the City denies the allegations.

## PRAYER FOR RELIEF

The City admits that Plaintiff purports to request the relief listed in the Prayer for Relief, and denies that Plaintiff is entitled to the relief requested or to any other relief based on the Complaint. To the extent the Prayer for Relief contains any allegations to which a response is required, the City denies them.

## AFFIRMATIVE DEFENSES

The City asserts the following affirmative defenses. In asserting these defenses, the City does not assume the burden of proving any fact, issue, or element of a cause of action where that burden is properly imposed on the Plaintiff. The City reserves the right to assert additional affirmative defenses that are revealed during the pendency of this action.

1. The Complaint, and each purported cause of action contained therein, fails to allege facts sufficient to constitute a cause of action under applicable law.

2. Plaintiff lacks standing to bring each purported cause of action contained in the Complaint.

3. The Complaint fails because it has been rendered moot in whole or in part.

4. The Complaint fails because it is not ripe for adjudication.

5. The Complaint fails because it does not present a case or controversy.

6. To the extent the City has undertaken any conduct with respect to the subjects and events underlying the Complaint, such conduct was, at all times material thereto, undertaken in good faith and in reasonable reliance on existing law.

7. The Complaint, and each purported cause of action contained therein, is barred by the doctrines of waiver, res judicata, and/or estoppel.

8. The Court must order the joinder of all required parties.

9. The Court should abstain from hearing and deciding this action.

**WHEREFORE**, the City prays for judgment as follows:

1. That Plaintiff takes nothing by the Complaint.

2. That the Complaint be dismissed with prejudice and judgment entered in favor of the City.

3. That the City be awarded its costs, including reasonable attorneys' fees, incurred in the defense of this action.

4. For such other and further relief as the Court may deem just.

Dated: April 3, 2023

DAVID CHIU
City Attorney
ROBB W. KAPLA
KATHY J. SHIN
Deputy City Attorneys

By: /s/ KATHY J. SHIN
KATHY J. SHIN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

**PROOF OF SERVICE**

I, LAUREN SKELLEN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, Room 234, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.

On April 3, 2023, I served the following document(s):

**ANSWER TO COMPLAINT**

on the following persons at the locations specified:

| | |
|---|---|
| Lucas Williams<br>Howard Hirsch<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br><br>Attorneys for Plaintiff<br>Email: lwilliams@lexlawgroup.com<br>        hhirsch@lexlawgroup.com | Helen Kang<br>Environmental Law and Justice Clinic<br>Golden Gate University School of Law<br>536 Mission Street<br>San Francisco, CA 94105<br><br>Attorney for Plaintiff<br>Email: hkang@ggu.edu |

in the manner indicated below:

☐ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed above. Such document(s) were transmitted *via* electronic mail from the electronic address: lauren.skellen@sfcityatty.org ☐ in portable document format ("PDF") Adobe Acrobat or ☐ in Word document format.   OR

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be served electronically through **CM/ECF**.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed April 3, 2023, at San Francisco, California.



LAUREN SKELLEN

ANSWER TO COMPLAINT
CASE NO. 3:23-cv-00082-SK

12

n:\land\li2023\230523\01667748.docx